814 F.Supp. 788 (1993)
Craton LIDDELL, et al., Plaintiffs,
v.
The BOARD OF EDUCATION OF the CITY OF ST. LOUIS, MISSOURI, et al., Defendants.
No. 72-0100C(6).
United States District Court, E.D. Missouri, E.D.
February 4, 1993.
*789 William P. Russell, Joseph McDuffie, St. Louis, MO, for Liddell.
Michael A. Middleton, Columbia, MO, William L. Taylor, Washington, DC, Wayne C. Harvey, St. Louis, MO, for Caldwell and NAACP.
Kenneth C. Brostron, Lashly & Baer, St. Louis, MO, for City Board.
Michael J. Fields, Bart A. Matanic, Asst. Missouri Attys. Gen., Jefferson City, MO, John J. Lynch, Asst. Missouri Attys. Gen., St. Louis, MO, David R. Boyd, Comey & Boyd, Washington, DC, for the State.
Andrew J. Minardi, Joseph D. Ferry, St. Louis, MO, for St. Louis County.
Shulamith Simon, Rosenblum Goldenhersh Silverstein & Zafft, St. Louis, MO (Court-appointed), for amicus curiae.
Craig Crenshaw, Jr., Jeremiah Glassman, U.S. Dept. of Justice, Civ. Rights Div., Washington, DC, for U.S.
W. Scott Simpson, Dept. of Justice, Federal Programs Branch, Civ. Div., Washington, DC, for U.S. Dept. of Housing & Urban Development.
James J. Wilson, Paul Martin, St. Louis City Counselors, St. Louis, MO, for City of St. Louis.
Anthony J. Sestric, Sestric & Cipolla, St. Louis, MO, for St. Louis Collector of Revenue.
Charles Werner, St. Louis, MO, for Missouri NEA.
Charles R. Oldham, Louis Gilden, St. Louis, MO, for Teachers Local Union 420.
Robert Bartman, Com'r Mo. Dept. of Elementary & Secondary Educ., Jefferson City, MO, for Mo. Dept. of Elementary and Secondary Educ.
Warren M. Brown, Jay Moody, Lake St. Louis, MO (Court-appointed), for Budget Review Committee (BRC).
James Dixon, II, Executive Director, Educ. Monitoring & Advisory Committee, St. Louis, MO (Court-appointed), for Educ. Monitoring & Advisory Committee (EMAC).
Ralph Beacham, Executive Director, Metropolitan Coordinating Committee, Bridgeton, MO (Court-appointed), for Metropolitan Coordinating Committee (MCC).
Susan Uchitelle, Executive Director, Voluntary Interdistrict Coordinating Council, St. Louis, MO (Court-appointed), for Voluntary Interdistrict Coordinating Council (VICC).
Henry D. Menghini, Robert J. Krehbiel, Evans & Dixon, St. Louis, MO (Court-appointed), for St. Louis County School Districts Affton & Lindbergh.
Darold E. Crotzer, Jr., St. Louis, MO (Court-appointed), for Bayless, Jennings, Normandy & Wellston.
George J. Bude, St. Louis, MO (Court-appointed), for Clayton & Hancock Place.
Frank Susman, Susman Shermer Rimmel & Shifrin, St. Louis, MO (Court-appointed) for Ferguson-Florissant.
Robert P. Baine, Jr., Baine & McHugh, Florissant, MO (Court-appointed), for Hazelwood.
Andrew B. Leonard, Buechner McCarthy Leonard Kaemmerer Owen & Laderman, Chesterfield, MO (Court-appointed), for Kirkwood.
Robert G. McClintock, St. Louis, MO (Court-appointed), for Ladue.
Richard Ulrich, Summers Compton Wells & Hamburg, St. Louis, MO (Court-appointed), for Maplewood-Richmond Heights.
*790 John Gianoulakis, Kohn Shands Elbert Gianoulakis & Giljum, St. Louis, MO (Court-appointed), for Mehlville, Pattonville & Rittenour.
James Erwin, R.J. Robertson, Thompson & Mitchell, St. Louis, MO (Court-appointed), for Parkway.
Edward J. Murphy, Jr., Garry K. Seltzer, St. Louis, MO (Court-appointed), for River-view Gardens.
Thomas Tueth, Ian Cooper, Peper Martin Jensen Maichel & Hetlage, St. Louis, MO (Court-appointed), for St. Louis County Special, Rockwood & Brentwood.
Worsham N. Caldwell, Richard G. Hughes, Caldwell Hughes McHugh & Singleton, St. Louis, MO (Court-appointed), for University City.
Kenneth V. Byrne, Schlueter & Byrne, St. Louis, MO (Court-appointed), for Valley Park.
Douglas A. Copeland, Robert W. Copeland, Copeland Gartner & Thompson, St. Louis, MO (Court-appointed), for Webster Groves.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on Ritenour School District's budget request, L(3347)91. The Budget Review Committee has filed a report on the matter, G(336)92, and the State of Missouri and Ritenour have responded and replied, G(386)92, G(387)92, G(461)92.
In 1986 Ritenour reopened Buder Elementary School, at a cost of $486,000, in part to accommodate voluntary transfer students. On the understanding that there would be 273 elementary school transfer students in Ritenour, which represented 55% of Buder's capacity (500 seats), the Eighth Circuit held that under section X.B.3 of the Settlement Agreement governing this case,[1] the State was obligated to reimburse Ritenour for 55% of the capital costs involved in reopening the school, or $267,300. Liddell v. Board of Ed., 839 F.2d 400, 405 (8th Cir.1988) (Liddell XIV). The number of elementary school (K-5) transfer students in Ritenour during the 1991-92 school year was 130 (VICC's Oct. 1991 Quarterly Report).
In 1990 Ritenour's voters passed a $30 million bond issue for capital improvements for all its public schools. Ritenour seeks reimbursement from the State for a portion of this money it will spend on capital improvements. Ritenour advances several theories for such reimbursement: the State should pay the total cost of the new renovation of Buder (about $3.1 million); the State should pay a percent of the total renovation costs for middle and high schools equal to the percent of transfer students in those levels, plus 55% of the new renovations of Buder (about $3.1 million); or at the least, the State should pay 55% of the new renovation of Buder (about $1.7 million).[2]
Clearly Ritenour is not entitled to the full cost of renovation of Buder. This would contravene the holding in Liddell XIV. Similarly to adhere to a 55% basis would not be reasonable in light of actual numbers of elementary transfer students in Ritenour. Although there is some logic to Ritenour's other theories for reimbursement, the Court concludes that under the totality of circumstances Ritenour's motion should be denied. General upgrading of school buildings undertaken by county districts participating in the Settlement Plan are not chargeable to the State under section X.B.3.
Accordingly,
IT IS HEREBY ORDERED that Ritenour's motion for reimbursement, L(3347)91, is denied.
NOTES
[1] Section X.B.3 provides that the State shall pay "one-time extraordinary costs (other than hiring of personnel) such as the costs associated with reopening a closed school ... incurred pursuant to this Settlement Agreement."
[2] In its original motion Ritenour suggested another basis for reimbursement: the State should pay a percent of Ritenour's new capital costs equal to the percent (about 8.4%) of transfer students in Ritenour's schools ($2.5 million). In its subsequent filings Ritenour has not pursued this theory.