**Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother and next friend; Kendra Liddell, a minor, by Minnie Liddell, her mother and next friend; Minnie Liddell; Roderick D. LeGrand, a minor, by Lois LeGrand, his mother and next friend; Lois LeGrand; Clodis Yarber, a minor, by Samuel Yarber, his father and next friend; Samuel Yarber; Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels; National Association for the Advancement of Colored People; United States of America; City of St. Louis, Plaintiffs,**

**v.**

**BOARD OF EDUCATION OF the CITY OF ST. LOUIS; John P. Mahoney, President, Board of Education of the City of St. Louis; Penelope Alcott, a member of the Board of Education; Marjorie R. Smith, a member of the Board of Education; Earl E. Nance, Jr., a member of the Board of Education; Thomas F. Bugel, a member of the Board of Education; Louis P. Fister, a member of the Board of Education; Nancy L. Hagan, a member of the Board of Education; Earl P. Holt, III, a member of the Board of Education; Shirley M. Kiel, a member of the Board of Education; Gwendolyn A. Moore, a member of the Board of Education; Dr. Joyce M. Thomas, a member of the Board of Education; Rufus Young, Jr.; Julius C. Dix; David J. Mahan, Interim Superintendent of Schools, Defendants,**

**Ronald Leggett, St. Louis Collector of Revenue, Defendant,**

**State of Missouri; Mel Carnahan, Governor of the State of Missouri; Jeremiah W. (Jay) Nixon, Attorney General; Bob Holden, Treasurer; Richard A. Hanson, Commissioner of Administration; Robert E. Bartman, Commissioner of Edu-**

cation; Missouri State Board of Education; Roseann Bentley, Member of the Missouri State Board of Education; Raymond McCallister, Jr., member of the Missouri State Board of Education; Susan D. Finke, member of the Missouri State Board of Education; Thomas R. Davis, member of the Missouri State Board of Education; Gary M. Cunningham, member of the Missouri State Board of Education; Rebecca M. Cook, member of the Missouri State Board of Education; Sharon M. Williams, member of the Missouri State Board of Education; Peter F. Herschend, member of the Missouri State Board of Education; Jacqueline D. Wellington, member of the Missouri State Board of Education, Defendants–Appellees,

Special School District of St. Louis County; Affton Board of Education; Bayless Board of Education; Brentwood Board of Education; Clayton Board of Education; Ferguson–Florissant Board of Education; Hancock Place Board of Education; Hazelwood Board of Education; Jennings Board of Education; Kirkwood Board of Education; LaDue Board of Education; Lindbergh Board of Education; Maplewood–Richmond Heights Board of Education; Mehlville Board of Education; Normandy Board of Education; Parkway Board of Education; Pattonville Board of Education, Defendants,

Ritenour Board of Education, Defendant–Appellant,

Riverview Gardens Board of Education; Rockwood Board of Education; University City Board of Education; Valley Park Board of Education; Webster Groves Board of Education; Wellston Board of Education; St. Louis County;

Buzz Westfall, County Executive; James Baker, Director of Administration, St. Louis County, Missouri; Robert H. Peterson, Collector of St. Louis County "Contract Account," St. Louis County, Missouri, Defendants,

St. Louis Teachers' Union, Local 420, AFT, AFL–CIO.  Intervenor.

No. 93–1611.

United States Court of Appeals, Eighth Circuit.

Submitted March 8, 1994.

Decided March 29, 1994.

Counsel who presented argument on behalf of the appellant was Mark Bremer of St.

Louis, MO. Appearing on the brief was John Gianoulakis.

Counsel who presented argument on behalf of the appellee was Michael J. Fields of Jefferson City, MO. Appearing on the brief were Bart A. Matanic and John J. Lynch.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

HEANEY, Senior Circuit Judge.

The Ritenour School District appeals from a decision of the United States District Court for the Eastern District of Missouri holding that Ritenour is not entitled to any portion of the cost of completing the renovation of Buder Elementary School. Ritenour reopened Buder in 1986, at a cost to it of $486,000, to accommodate voluntary transfer students from the St. Louis School District. At that time, the State objected to reimbursing Ritenour for this payment and appealed to this court. We held that under the terms of the settlement agreement covering this case, the State was obligated to reimburse Ritenour fifty-five percent of the capital costs involved in reopening the school, or $267,300. *Liddell v. Board of Educ.*, 839 F.2d 400, 405 (8th Cir.), *cert. denied*, 488 U.S. 825, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988) (*Liddell XIV*).

■ In 1990 Ritenour's voters passed a $30 million bond issue for the capital improvement of all its schools. Ritenour now seeks partial reimbursement from the State for the cost of renovating Buder. Ritenour requests reimbursement in the amount of $1.72 million (based on the fifty-five percent ratio approved in *Liddell XIV*) or, at a minimum, for $813,126 (based on the current twenty-six percent ratio of elementary transfer students at Ritenour). The district court stated:

> Clearly Ritenour is not entitled to the full cost of renovation of Buder. This would contravene the holding in *Liddell XIV*. Similarly to adhere to a 55% basis would not be reasonable in light of actual numbers of elementary transfer students in Ritenour. Although there is some logic to Ritenour's other theories for reimbursement, the Court concludes that under the

totality of circumstances Ritenour's motion should be denied. General upgrading of school buildings undertaken by county districts participating in the Settlement Plan are not chargeable to the State under section X.B.3.

*Liddell v. Board of Educ.*, 814 F.Supp. 788, 790 (E.D.Mo.1993).

While we accept the district court's holding that Ritenour is not entitled to the full cost of the renovation of Buder, we are not satisfied that the district court fully complied with Rule 52 of the Federal Rules of Civil Procedure with respect to why it denied Ritenour's request for fifty-five percent of the cost. It spoke of the "totality of circumstances" without describing what these circumstances are and how they led the court to its decision. We therefore remand to the district court with directions to set forth in some detail the reasons for its denial and to submit to this court its amended findings and conclusions. The district court may make its decision on the basis of the present record or may take such additional evidence as it feels appropriate. This panel will retain jurisdiction over the matter.